JUSTICE COTTER
concurs.
¶38 In State v. Ford, we recognized that the question of when a Batson challenge must be made in order to be timely, was one of first impression for this Court. Ford, ¶ 22. This being so, it is hardly surprising that Ford failed in his first appeal to argue that his trial counsel was ineffective for failing to timely assert his Batson challenge. I therefore disagree with the Court’s decision to deny Ford’s present ineffective assistance claim because he failed to raise it in his direct appeal. See ¶¶14, 17 above. However, the ultimate result reached by the Court is nonetheless the correct one.
¶39 The very factor that in my judgment militates against application of the procedural bar-that this was a case of first impression-also militates against the success on the merits of Ford’s ineffective assistance of counsel claim. Were we to reach the merits of that claim, we would be forced to conclude that Ford’s counsel could not be considered ineffective under our Strickland jurisprudence for failing to timely object to the jury array because the issue before the Court was one of first impression. As we have said, the defendant must prove that counsel’s performance was deficient or fell below the wide range of reasonably acceptable conduct. Davis, ¶ 20. It cannot be sensibly argued that an attorney who is the first in this State to appeal from the denial of a Batson challenge-who, in other words, had no guidance from statute or case law on the timing of such a challenge-rendered the type of deficient performance required for a Strickland claim to be sustained. So, while I disagree with the application of the procedural bar here, I would conclude nonetheless that, as a matter of law, Ford’s ineffective assistance claim could not survive on its merits.
¶40 Therefore, I concur.